# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 19-1646V**
UNPUBLISHED

ROBERT LABIANCO,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: November 23, 2022

Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS)

*Gary Alvin Bryant, Willcox & Savage, P.C., Norfolk, VA, for Petitioner.*

*Austin Joel Egan, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On October 23, 2019, Robert LaBianco filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome as a result of an influenza vaccine received on November 15, 2018. Petition at 1. Petitioner further alleges that residual effects of his injury continued for more than six months and he has not received compensation in the form of an award or settlement and has not filed a civil action for his injuries. Petition at ¶¶ 6, 8. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 7, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On November 23, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $154,232.00. Proffer

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

at 1-2. The proffer states that this amount includes $91,152.00 in pain and suffering and $63,080.00 in past and future lost wages, with the future wage component having been adjusted to net present value in accordance with Section 15(f)(4)(A) of the Vaccine Act. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $154,232.00 (comprised of $91,152.00 in pain and suffering and $63,080.00 in past and future lost wages, with the future portion adjusted to net present value) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| ROBERT LABIANCO,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 19-1646V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On October 23, 2019, Robert LaBianco ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered from Guillain-Barré Syndrome ("GBS") following administration of an influenza ("flu") vaccine he received on November 15, 2018. Petition at 1. On February 4, 2022, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a GBS Table injury, and on February 7, 2022, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF Nos. 39-40.

**I. Items of Compensation**

A. Pain and Suffering

Respondent proffers that petitioner should be awarded $91,152.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. Lost Wages

Evidence supplied by petitioner documents that he incurred past and future lost wages related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past

and future lost wages in the amount of $63,080.00. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees. The future wages component of this amount is adjusted to net present value in accordance with 42 U.S.C. § 300aa-15(f)(4)(A). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $154,232.00, in the form of a check payable to petitioner.

## III. Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Robert LaBianco: **$154,232.00**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future unreimbursed expenses, future lost earnings, and future pain and suffering.

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

/s/ AUSTIN J. EGAN
Austin J. Egan
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel: (202) 451-7479
Austin.J.Egan@usdoj.gov

Date: November 23, 2022