# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1646V
(not to be published)

| | |
|---|---|
| ROBERT LABIANCO,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: April 17, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Paralegal Tasks at Attorney Rates |

*Gary Alvin Bryant, Willcox & Savage, P.C., Norfolk, VA*, for Petitioner.

*Austin Joel Egan, U.S. Department of Justice, Washington, DC*, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On October 23, 2019, Robert LaBianco filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome as a result of an influenza vaccine received on November 15, 2018. Petition at 1. On November 23, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 54.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated January 19, 2023 (ECF No. 58), requesting a total award of $41,720.88 (representing $39,988.00 in fees and $1,732.88 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 58-3. Respondent reacted to the motion on January 24, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. ECF No. 59. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

### A. Hourly Rates

Petitioner is requesting the rate of $440 for all time billed between 2019-22 for attorney Gary Bryant. ECF No. 58-2 at 23. Mr. Bryant has been a licensed attorney since 1987, placing him in the range of attorneys with over 31 years' experience. ECF No. 58-1 at 1. Mr. Bryant has had several previous cases in the Vaccine Program, but the last case in which his rates were considered was decided almost six years ago – and he was permitted the lower rate of $360 per hour. *See Sclafani v. Sec'y of Health & Human Servs.,* 16-737V, 2017WL5381271 (Fed. Cl. Spec. Mstr. Oct 11, 2017). I find adjustments are needed to the presently-requested rate.

Mr. Bryant's requested rates are all within the Vaccine Program's published range for attorneys at his level of overall experience, albeit on the highest end of the range. Rates on the highest end of the experience ranges are usually awarded to those attorneys with significant experience in the Vaccine Program. While Mr. Bryant may have ample experience as an attorney, that experience is not solely in Vaccine Program, with this being only his second case with hourly rates awarded. Therefore, it is reasonable that Mr. Bryant should be awarded a bit less than more-experienced counsel who regularly represent petitioners in Vaccine Act cases.

It is for this reason that I shall reduce Mr. Bryant's hourly rates to the following: $400 per hour 2019, and $420 per hour for 2020. I will award Mr. Bryant's requested rate of $440 per hour for time billed in 2021 and 2022, however. Application of these rates reduces Petitioner's request for attorney's fees in the amount of **$1,458.00**.[3]

### B. Paralegal Tasks at Attorney Rates

Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

---

[3] This amount consists of $440 - $400 = $40 x 26 hrs = $1,040) + ($440 - $420 = $20 x 20.9 hrs = $418) = $1,458.00.

3

Records show over two hours of billing entries that are more properly characterized as paralegal tasks, including requesting medical records, and filing documents.

Examples of these entries include (but are not limited to):

- November 20, 2019 (0.70hrs) "Draft, finalize and forward letter to health care providers requesting additional documentation";
- April 20, 2020 (0.60hrs) "review and file Status Report, Notice of Filing Documents and Amended Statement of Completion"
- December 18, 2020 (0.30hrs) "draft and file notice of filing of additional medical records"; and
- March 29, 2021 (0.30hrs) "draft, revise and forward follow up letters to health care providers"

ECF No. 58-2 at 4, 7, 9 and 10.

For the tasks that are considered more paralegal, I will reduce Mr. Bryant's time to the rate of $160 per hour. This reduces the request for attorney's fees in the amount of **$734.00**.[4]

### C. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387).

One hour of billable time was invoiced for email reminders from paralegal to attorney, and for paying an invoice. Because the Program does not reimburse such administrative tasks, I will reduce the amount of fees awarded by **$160.00**.

---

[4] This amount is calculated as follows ($400 - $160 = $240 x 0.70hrs = $168) + ($420 - $160 = $260 x 1.10hrs = $286) + ($440 - $160 = $280 x 1hr= $280) = $734.00.

## ATTORNEY COSTS

Petitioner requests $1,732.88 in overall costs. ECF No. 58-2 at 1. This amount is comprised of obtaining medical records, copy charges and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$39,368.88** (representing $37,636.00 in fees and $1,732.88 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.